opinion. Decree of the surrogate unanimously affirmed, with costs against the appellant personally.

---

DURAN, Appellant, v. DURAN, Respondent. (Supreme Court, Appellate Division, Second Department. October 3, 1902.) Action by Julia Duran against Joseph Duran. No opinion. Order reversed on argument, and proceedings remitted to special term for further hearing, without costs.

---

EARL, Respondent, v. SOMMER, Appellant. (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Action by Sarah E. Earl, as administratrix of the goods, chattels, and credits of Susan E. Wheeler, against William Sommer. No opinion. Judgment reversed on argument, without costs, and the case remitted to the special term for trial of the issues of law.

---

In re EAST 182d ST. (Supreme Court, Appellate Division, First Department. November 21, 1902.) Motion by the commissioners of estimate and assessment for an order taxing fees and costs in a proceeding by the city of New York to acquire title to East 182d street. From a judgment in favor of petitioners, the city appeals. Reversed. John P. Dunn, for appellant. Charles A. Skidmore, for respondent Van Wyck. John J. Buckley, pro se.

PER CURIAM. For the reasons stated in the opinion in Re Spofford Ave. (herewith decided) 78 N. Y. Supp. 726, this order must be reversed, and the motion sent back for a rehearing at special term, without costs to either party on this appeal.

---

EGYPTIAN FLAG CIGARETTE CO., Appellant, v. COMISKY, Respondent. (Supreme Court, Appellate Term. June, 1902.) Action by the Egyptian Flag Cigarette Company against Charles Comisky. P. Tillinghast, for appellant. Aaron Morris, for respondent.

FREEDMAN, P. J. The following are the material facts in the case: On the 30th day of January, 1902, a judgment was rendered in the municipal court for the Second district, for the borough of Manhattan, in an action brought by Solomon Emanuel against the Egyptian Flag Cigarette Company (the plaintiff in this action), for the sum of $69.50. Thereafter execution was duly issued out of said court to Charles Comisky, a marshal of the city of New York (the defendant in this action), for levy. The said marshal duly levied upon the property of the defendant, in accordance with the provisions of said execution, and sold the said property, and realized from the sale thereof the sum of $163, and out of the proceeds of the sale satisfied the said judgment, amounting to the sum of $69.50, leaving a balance in his hands of $93.50; and this action was brought to recover the said balance remaining in his hands after the satisfaction of said execution, less the amount of the fees and costs which the said marshal was entitled to, and judgment was demanded for the sum of $90.50. The

marshal was entitled to fees as follows: Poundage on the judgment, $3.47; making levy, $1; advertising, $1; attending sale, $1; mileage, 6 cents,—total, $6.53. See Consol. Act, § 1710. The only question litigated on the trial was as to the right of the marshal to charge $36 for keeper's fees, and the error of the justice in allowing $3 for advertising and 50 cents for making inventory. The claim is made by the appellant herein that, because section 1710 of the consolidation act provides that "the said marshals shall perform all other services required of them by law, without fees or compensation whatever therefor, and no other fees, charges or compensation shall be allowed to, demanded or charged by any of said marshals," the defendant herein is not entitled to recover for keeper's fees, unless it was shown upon the trial that the plaintiff herein (the judgment debtor in the execution) agreed to pay such fees. This position seems to be well taken, and the defendant evidently took that view of the case upon the trial, as he attempted to prove a direction on the part of the plaintiff herein (the defendant in the execution) to him to put a keeper in charge of the property. The testimony introduced for that purpose was to the effect that Emanuel (the plaintiff in the execution) claimed to be a representative of the judgment debtor in the execution, and as such representative gave the defendant herein the above-mentioned direction. This testimony was not only hearsay and incompetent, but, Emanuel being the plaintiff in the prior action, was hostile to the defendant therein (the plaintiff herein), and it does not appear that he had any authority to bind the plaintiff herein. Section 1711 of the consolidation act provides that "all provisions of law in relation to the taking of property by sheriffs of counties shall apply to taking of property by the said marshals"; and section 3307, subd. 7, of the Code of Civil Procedure, provides, as to sheriff's fees, that "where a levy is upon a live animal, or speedily perishable property, such additional compensation [shall be paid him], for his trouble and expenses in taking care of and preserving the property, as the court or a judge thereof allows." These sections, if applicable to this case, are not available to the defendant herein, as there is no claim made by him that his fees or compensation for taking care of the property in this action was ever fixed by a court or judge. It follows, therefore, that the judgment must be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

---

FAITH, Appellant, v. ULSTER & D. R. CO., Respondent (two cases). (Supreme Court, Appellate Division, Third Department. September 9, 1902.) Actions by William J. Faith, as administrator, etc., of William J. Faith, Jr., deceased, against the Ulster & Delaware Railroad Company. No opinion. Orders affirmed, with $10 costs and disbursements.

---

FARMERS' LOAN & TRUST CO. v. KLEIN et al. (Supreme Court, Appellate Division, First Department. October 17, 1902.)

Action by the Farmers' Loan & Trust Company against Benedict A. Klein and others. No opinion. Motion denied, upon payment of $10 costs, and, upon payment of an additional $10, leave given to apply to court below to open default.

FARMERS' & MERCHANTS' STATE BANK v. STRINGER et al. (Supreme Court, Appellate Division, Third Department. September 3, 1902.) Action by the Farmers' & Merchants' State Bank against Charles A. Stringer and others. No opinion. Motion denied.

FERGUSON v. BUFFALO TRACTION CO. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by Harold Ferguson against the Buffalo Traction Company. No opinion. Defendant's exceptions overruled, motion for new trial denied, and judgment ordered for the plaintiff upon the verdict, with costs.

FIRST METHODIST EPISCOPAL SOC. OF MUD CREEK, Respondent, v. WHITAKER, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 14, 1902.) Action by the First Methodist Episcopal Society of Mud Creek against Spencer J. Whitaker, as executor, etc. No opinion. Judgment affirmed, with costs.

In re FOLDS. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) In the matter of the application of George R. Folds for admission to practice as an attorney and counselor at law. No opinion. Application granted.

FORNES, Respondent, v. SIEGEL, Appellant (two cases). (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Actions by Charles V. Fornes against Charles Siegel. No opinion. Orders affirmed, with $10 costs and disbursements.

FOSTER, Appellant, v. INTERNATIONAL PAPER CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 3, 1902.) Action by Joseph Foster, Jr., against the International Paper Company. No opinion. Appeal transferred to the Third department.

In re FRENCH. (Supreme Court, Appellate Division, First Department. October 17, 1902.) In the matter of Amos T. French. No opinion. Motion granted, with $10 costs.

FRENCH, Respondent, v. FRENCH et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) Action by Mary C. French against Phœnix W. French and others. No opinion. Order reversed on argument, with $10 costs and disbursements, on the ground that no legal notice of the application was given to the husband.

FRIEDBERG, Appellant, v. PULLMAN CO., Respondent. (Supreme Court, Appellate Term. June, 1902.) Action by Estelle Friedberg against the Pullman Company. D. B. Baum, for appellant. Saunders, Webb & Worcester, for respondent. No opinion. Judgment affirmed, with costs.

FRIESE, Respondent, v. HOEFLER et al., Appellants. (City Court of New York, General Term. June 1902.) Action by Ida Friese against William Hoefler and another. Davis & Kaufmann, for appellants. Alden & Carpenter, for respondent.

SEABURY, J. All the parties to this action are children of Christian M. Hoefler, who, prior to 1897, carried on the piebaking business, which the defendants now conduct as copartners. Under the will of the father, the business was given to the defendants. The plaintiff claims that she, together with other children of her father, who were not parties to this action, were dissatisfied with the terms of their father's will, and believed that the will had been procured through undue influence exercised by the defendant Charles Hoefler. She claims that she abandoned the idea of a contest of her father's will, in consideration of the promise of Charles, for himself and on behalf of the other defendants, that all the defendants would pay her $10 a week out of the proceeds of the business as long as they continued to conduct the business. Plaintiff alleges that until November 25, 1897, she was in receipt of this sum from the defendants, but that they failed to make these payments since that time, although they still continue to conduct the business. This action was brought to recover the sum of $1,520, alleged by the plaintiff to be due under this agreement. This claim of the plaintiff was put in issue by the allegations of the answer of the defendants. The evidence presented a sharp conflict, which the verdict of the jury has determined in favor of the plaintiff. The contention now urged by the appellants is that the agreement alleged was without consideration, and that the agreement itself was void for uncertainty. We think that these contentions are without merit. It abundantly appears from the evidence that dissatisfaction existed among the children of the deceased as to his will, and that a contest in the courts was threatened by some of the children of the deceased. The fact that the plaintiff compromised her claim, and relinquished her right to contest, furnished legal consideration for the agreement alleged. Rector, etc., v. Teed, 120 N. Y. 583, 24 N. E. 1014. The jury have found that the defendants agreed to pay the plaintiff $10 a week out of the business as long as they continued the business. This was a definite and certain period, during which the defendants obligated themselves to make this payment. The defendants Alfred and William claim that, if the alleged agreement was made with the defendant Charles, the motion made by their counsel upon the trial to dismiss the complaint as to them should have been granted. This motion was denied, and an exception duly taken; but the motion was not renewed at the close of the case, and this question is not presented to us for review. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27;